# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **DERRICK WILLIAMS,** | ) | |
| | ) | |
| Plaintiff, | ) | No. 15-cv-120 |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| **CITY OF CHICAGO, CHICAGO POLICE DEPARTMENT, and JOHN DOE OFFICERS 1 AND 2** | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, Plaintiff's renewed motion to proceed *in forma pauperis* [7] is granted. On the Court's own motion, defendant Chicago Police Department is dismissed. The Clerk is instructed to issue summons for service of the complaint on defendant City of Chicago. The United States Marshals Service is appointed to serve the defendant. The Clerk is directed to provide USM-285 forms to Plaintiff along with a copy of this order. Plaintiff must complete a service form for the defendant and return the form to the Clerk of Court. Failure by Plaintiff to return the USM-285 form within 30 days of the date of this order may result in dismissal of the case for failure to prosecute. The Marshal is authorized to mail a request for waiver of service to the defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service. Plaintiff's motion for attorney representation [8] is denied without prejudice.

## STATEMENT

On January 8, 2015, Plaintiff filed a complaint against the City of Chicago, the Chicago Police Department, and two unnamed police officers, alleging that the two officers arrested him

without probable cause and transmitted a fabricated witness statement to state prosecutors. (Compl., Dkt. # 1.) This matter is before the Court on Plaintiff's motion for attorney representation (Dkt. # 8) and motion for leave to proceed *in forma pauperis*. (Dkt. # 7.)

Plaintiff's *in forma pauperis* application states that he is not currently employed, though he earned a monthly salary of $650.00 until December 30, 2014. Plaintiff also states that he has received $194.00 per month in public assistance benefits over the past twelve months. No one else lives at Plaintiff's residence, but Plaintiff is partially responsible for supporting his daughter. A litigant need not be totally destitute to qualify for *in forma pauperis* status. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). In light of Plaintiff's limited income, the Court finds that Plaintiff satisfies the requirements to proceed without payment of the filing fee.

The Court has an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen *in forma pauperis* complaints, and "shall dismiss the case at any time" if the Court determines that an action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. A dismissal under § 1915 is not a dismissal on the merits, but rather an exercise of the court's discretion under the *in forma pauperis* statute. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992). In determining whether the complaint states a claim for relief, the court applies the same standard used in ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). A court is not, therefore, obliged to accept as true mere "labels and conclusions" or "naked assertion[s]" lacking "further factual enhancement." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). After accepting as true a complaint's factual allegations and drawing reasonable inferences in the plaintiff's favor, a court may then dismiss a complaint that fails to "state a claim for relief that is plausible on its face." *Id.* at 570.

Plaintiff's complaint alleges that the two John Doe officers arrested him for burglary despite knowing that the testimony of the alleged victim was false, and also alleges that the officers inaccurately reported the witness's statements – omitting the demonstrably false aspects of it – to the state prosecutor in order to ensure charges were filed. (Compl., Dkt. # 1.) To survive dismissal, a complaint must only give the defendants fair notice of the claim and the factual allegations on which it rests. *See Bell Atl. Corp.*, 550 U.S. at 555. Plaintiff's complaint contains sufficient allegations of fact to make out a false arrest claim against the officer defendants.

Defendant Chicago Police Department is dismissed, however, because it is a non-sueable entity. *See Lewis v. City of Chi.*, 496 F.3d 645, 645 n.1 (7th Cir. 2007). The City of Chicago is also not a proper party, because Plaintiff alleges only that it is liable as the officers' employer. The City can be held liable under § 1983 only if the alleged constitutional violations were caused by the execution of one of its policies or practices. *See Monell v. Dep't of Soc. Servs. of City N.Y.*, 436 U.S. 658, 694 (1978); *McCormick v. City of Chi.*, 230 F.3d 319, 324 (7th Cir.2000) (stating that a policy, for purposes of *Monell*, is an express policy, a widespread and permanent practice, or action by a person with final policymaking authority). Plaintiff has alleged no policy or practice that would subject the City to liability for the actions of its officers; the doctrine of *respondeat superior*, which Plaintiff's complaint cites, does not apply to actions under 42 U.S.C. § 1983. As the only named party subject to suit, the City will remain a party to this action solely to assist Plaintiff in identifying the officers in question. Once an attorney has entered an appearance on the City's behalf, Plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of the officers who allegedly violated Plaintiff's constitutional rights. *See* Fed. R. Civ. P. 33. After Plaintiff learns the officers' identities, he may amend the complaint to name those individuals as defendants. Summonses

will then issue for service on the officers and the City will be dismissed. Plaintiff is advised that there is a two year statute of limitations for civil rights actions. *See Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008); 735 ILCS § 5/13-202. Plaintiff should therefore attempt to identify the John Doe defendants as soon as possible. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993).

The Clerk is instructed to issue a summons for service of the complaint on the City of Chicago. The United States Marshals Service is appointed to serve the City. The Court advises Plaintiff that a completed USM-285 (Marshals service) form is required for service. The Clerk is directed to provide a USM-285 form to Plaintiff along with a copy of this order. The Marshal will not attempt service on the defendant unless and until the required form is received. Therefore, Plaintiff must complete a service form and return the form to the Clerk of Court. Failure to return the USM-285 form within 30 days of the date of this order may result in dismissal of the case for failure to prosecute. The Marshal is authorized to mail a request for waiver of service to the defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff's motion for attorney representation is denied. There is no constitutional or statutory right to counsel in federal civil cases such as this one. *See Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). Nevertheless, 28 U.S.C. § 1915(e)(1) grants the Court discretion to recruit counsel for an indigent litigant. *See Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). When a pro se litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *See Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc)). If he has made such efforts, the court must

examine "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). The relevant question is "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

After considering the above factors, the Court concludes that representation is not appropriate at this stage. Plaintiff states that he has contacted two law firms, but has not indicated that he has attempted to secure representation through legal aid clinics, nonprofit organizations, or other avenues more appropriate to this type of suit. Plaintiff attests that he has some high school education and has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to this lawsuit. The factual recitation in Plaintiff's handwritten complaint is concise and cogent, leading the Court to believe that Plaintiff's level of literacy is adequate to present his case. The factual allegations involved in the case are straightforward, and the Court is aware of no complex legal issues that would render this case difficult for a layperson to present. Therefore, Plaintiff's motion for attorney representation is denied at this time. Plaintiff may renew his request at a later stage of the litigation, if appropriate.

**SO ORDERED.**          ENTERED:   July 8, 2015

_____
**HON. RONALD A. GUZMAN**
**United States District Judge**